IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| RICHARD A. DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 08 CV 2542 |
| | ) | |
| ELIZABETH F. DAVIS, individually and | ) | |
| as Trustee of the Wilfred E. Davis Trust | ) | |
| dated February 7, 1985, | ) | |
| | ) | |
| Defendant. | ) | |

## MOTION FOR SERVICE BY SPECIAL ORDER OF COURT

Plaintiff Richard A. Davis, by and through his attorneys, Jerry A. Esrig, Robert J. Zaideman and Zaideman & Esrig, P.C., moves this Court for an order allowing alternative service of process upon the defendant Elizabeth F. Davis, individually, and as Trustee of the Wilfred E. Davis Trust dated February 7, 1985, as permitted by Illinois law.  I support, plaintiff sates:

1.     This is an action for indemnity brought by Richard A. Davis against the defendant Elizabeth F. Davis, individually, and as Trustee of the Wilfred E. Davis Trust dated February 7, 1985.

2.     Pursuant to Rule 4(d) of the Federal Rules of Civil Procedure, at the time of filing the instant Complaint, Plaintiff mailed to the defendant, at her place of residence at 150 Lake Blvd., Unit 141, Buffalo Grove, Illinois, the following documents in an attempt to obtain defendant's consent for waiver of service:

    a.     Notice of Lawsuit and Request for Waiver of Service of Summons;

    b.      Waiver of Service of Summons and

    c.     File-stamped copy of the Complaint.

3.      Subsequently, defendant contacted plaintiff's attorney and stated that she had received the materials.

4.      Nevertheless, defendant did not notify plaintiff of her agreement to waive service within the time permitted or at any time and did not appear or otherwise respond to the Complaint.

.5.      Subsequently, plaintiff engaged a process server who has attempted to serve defendant personally, without success.  Defendant resides in an apartment or condominium building with security.  She does not respond to the buzzer in the lobby.  The process server has been able to gain entry to the building and knock directly on the defendant's door, but she will not open the door.  At least eight attempts at service have been made. See Affidavit fo Steve Serafin, attached hereto.

6.      Federal Rule of Civil Procedure 4 (e) provides as follows:

**Service Upon Individuals Within a Judicial District fo the United States.**
Unless otherwise provided by federal law, service upon an individual from whom a waiver has not been obtained and filed, other than an infant or an incompetent person, may be effected in any judicial district of the United States:

(1)      pursuant to the law of the state in which the district court is located, or in which service is effected, for the service of a summons upon the defendant in an action brought in the courts of general jurisdiction of the State ....

7.      Section 5/2-203.1 of the Illinois Code of Civil Procedure provides as follows:

Service by special order of court. If service upon an individual defendant is impractical under items (1) and (2) of subsection (a) of Section 2-203, the plaintiff may move, without notice, that the court enter an order directing a comparable method of service. The motion shall be accompanied with an affidavit stating the nature and extent of the investigation made to determine the whereabouts of the defendant and the reasons why service is impractical under items (1) and (2) of subsection (a) of Section 2-203, including a specific statement showing that a diligent inquiry as to the location of the individual defendant was made and reasonable efforts to make service have been unsuccessful. The court may order service to be made in any manner consistent with due process.

8.     An affidavit in compliance with Section 5/2-203.1 is attached.  Plaintiff knows the defendant's location.  Delivery of process to defendant is impractical because she will not open her door.  Defendant has actual knowledge of the Complaint through the papers mailed to her pursuant to Rule 4(e) of the Federal Rules of Civil Procedure.  Receipt of those papers has been confirmed by defendant's telephone call to plaintiff's counsel.

9.     Defendant is a party to a lawsuit currently pending in the Circuit Court of Cook County, Chancery Division, in which she is represented by an attorney, Mr. Sherwin H. Zaban.

10.     Plaintiff proposes that this Court permit service of process in this action by the following:

a.     Plaintiff will mail copies of the Summons and Complaint and this court's order permitting alternative service to defendant at her home address;

b.     Plaintiff will post copies of the Summons and Complaint and this court's order permitting alternative service in the entrance lobby to the building in which defendant lives; and

c.     Plaintiff will deliver copies of the Summons and Complaint and this Court's order permitting alternative service to the offices of Mr. Sherwin H. Zaban, defendant's counsel in the state court chancery action.

11.     Where service by delivery of the defendant was impractical, delivery of process to a party's former counsel satisfied due process requirements.  *In re Marriage of Schmitt*, 321 Ill.App.3d 360, 370, 747 N.E.2d 524, 532, (2nd Dist. 2001).  The methods plaintiff proposes in this case are more extensive than those approved by the court in the *Marriage of Schmitt* case.

WHEREFORE, Plaintiffs respectfully requests this Honorable Court enter an Order that service be made in the following alternative manner upon defendant Elizabeth F. Davis, individually, and as Trustee of the Wilfred E. Davis Trust dated February 7, 1985:

a.      Plaintiff will mail copies of the Summons and Complaint and this court's order permitting alternative service to defendant at her home address;

b.      Plaintiff will post copies of the Summons and Complaint and this court's order permitting alternative service in the entrance lobby to the building in which defendant lives; and

c.      Plaintiff will deliver copies of the Summons and Complaint and this Court's order permitting alternative service to the offices of Mr. Sherwin H. Zaban, defendant's counsel in the state court chancery action.

Respectfully submitted,

s/ Jerry A. Esrig
Zaideman & Esrig, P.C.
10 S. Riverside Plaza, Suite 1020
Chicago, IL 60606
312-207-0005
Attorney for Plaintiff, Richard A. Davis

Jerry A. Esrig
Robert J. Zaideman
Zaideman & Esrig, P.C.
10 S. Riverside Plaza, Suite 1020
Chicago, IL 60606
312/207-0005

IN THE UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF ILLINOIS

Richard A. Davis

vs.

Elizabeth F. Davis, et al.

Case Number    08 CV 2542

### AFFIDAVIT OF NON-SERVICE

I, Steve Serafin, being first duly sworn on oath deposes and states that I am over the age of 21 years and not a party to this action, and that I was unable to serve the following documents:

Summons and Complaint

Upon:   Elizabeth E. Davis

At:     150 Lake Blvd. #141, Buffalo Grove, IL 60089

Due to the following:

Several Attempts, No Contact. Dates of attempts were: 7/9/08 at 6:00pm, 7/11/08 at 9:00pm, 7/13/08 at 8:30am, 7/15/08 at 3:00pm, 7/19/08 at 6:00pm, 7/23/08 at 11:00am, 7/27/08 at 5:00pm, 7/30/08 at 8:15am. Address is a condo complex and the building is secure. I ring the buzzer and there is no response. I am able to gain access by people leaving or coming in to the building and the Defendant refuses to open the door. I have spoke to other occupants who has stated that the Defendant is elderly and will not open the door.

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this affidavit of service are true and correct.

Further the Affiant Sayeth Naught:

Steve Serafin
United Processing, Inc.
55 West Wacker Drive
9th Floor
Chicago, IL  60601
312.629.0140
IL License #117-001101